

FILED

JUL 29 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JOSEPH DESCHON, | CV 09-05-H-DWM-RKS |
| Petitioner, | |
| vs. | ORDER |
| MIKE FERRITER; MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Deschon has filed a Petition for Writ of Habeas Corpus alleging that his court-appointed counsel rendered ineffective assistance in his state court prosecution for deliberate homicide.  Prior to filing his federal petition Petitioner

raised the issue in a post-conviction petition in state court, which was denied.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge. Judge Strong notes that the petition is likely barred on procedural grounds, such as the one-year federal statute of limitations. See 28 U.S.C. § 2244(d).

Judge Strong does not recommended dismissal on any procedural basis, however, because of his conclusion that Petitioner Deschon's claim fails on the merits. Deschon claims his counsel were ineffective because 1) they failed to fully rehabilitate a witness who was also a client of one of Deschon's attorneys; and 2) they failed to investigate the victim's history and propensity for violence. Judge Strong explained that the Petition cannot succeed unless this Court finds the Montana Supreme Court's denial of the state petition "objectively unreasonable." The denial was not unreasonable with respect to the witness, Judge Strong concluded, because rehabilitation was not critical to the witness' credibility.

With regard to the issue of the victim's violent tendencies, Judge Strong noted that Montana law allows a defendant to place the victim's violent nature into the record only for purposes of showing that the defendant believed the victim to be capable of such actions. Petitioner has offered no proof that he was aware of the victim's history, making it unlikely that such a defense would have been viable. In light of these facts, Judge Strong found that the Montana Supreme Court's denial of the state petition was reasonable. Judge Strong also recommends dismissal of Mike Ferriter as an improperly named defendant.

Because he concludes that Petitioner is not entitled to relief, Judge Strong recommends denial of the Petition and denial of a certificate of appealability. Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that:

1.   Respondent Ferriter is DISMISSED and his name hsould be removed from

the caption of the case;

2.  The Petition is DENIED on the merits; and

3.  A certificate of appealability is DENIED.

The Clerk of this Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

DATED this 29th day of July, 2009.

Donald W. Molloy, District Judge
United States District Court